# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONALD NEEDHAM,
Plaintiff,

vs.

RICHARD K. JONES,
Sheriff of Butler County, *et al.*,
Defendants.

Case No. 1:19-cv-368

Barrett, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

Plaintiff, a resident of Mason, Ohio, brings this pro se civil-rights action alleging a violation of his constitutional rights. (Doc. 1-1).

On April 23, 2019, prior to filing the instant action, plaintiff filed a similar complaint in *Needham v. Butler Cty. Jail, et al.*, No. 1:19-cv-294 (Barrett, J.; Bowman, M.J.) (S.D. Ohio). Both complaints stem from the same incidents at the Butler County Jail, where plaintiff was allegedly denied treatment for medical and mental-health conditions and subjected to excessive force and inadequate policies. The earlier-filed action remains pending.

The instant complaint should be dismissed because it is duplicative of the prior complaint. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.*, No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such

power should be exercised in this case. *Cf. id.*; *see also Ball v. Obama*, 1:13cv204, 2013 WL 2153967, at *2, *5 (S.D. Ohio May 16, 2013) (Barrett, J.; Litkovitz, M.J.) (dismissing duplicative complaint at screening stage); *Catchings v. Fry*, No. 12-2305-JDT-TMP, 2013 WL 3433145, at *3 (W.D. Tenn. July 8, 2013) (holding that complaint containing allegations that "were fully addressed in . . . prior orders of dismissal" was duplicative and thus subject to dismissal at screening stage as frivolous and lacking "an arguable basis in law or in fact").

Accordingly, in sum, the instant complaint should be dismissed with prejudice on the ground that plaintiff's allegations are duplicative of claims raised in Case No. 1:19-cv-294. *See* 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 6/11/19

Karen L. Litkovitz
United States Magistrate Judge

DONALD NEEDHAM,
Plaintiff,

vs.

RICHARD K. JONES,
Sheriff of Butler County, *et al.*,
Defendants.

Case No. 1:19-cv-368

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof. That period may be extended further by the Court on timely

motion by either side for an extension of time. All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections. Failure to make objections in accordance with this

procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).